**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 26 1555

Short Caption: Jose Acevedo v. Michael Mattioli, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
JOSE ACEVEDO, individually, and as a Special Administrator of the ESTATE OF JOEL ACEVEDO

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
The LaMarr Firm, PLLC: Jacob Litigation, Inc.: and Ben Crump Law, PLLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: /s/ B'Ivory LaMarr    Date: 7/2/2026

Attorney's Printed Name: B'Ivory LaMarr

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [✓]  No [ ]

Address: 5718 Westheimer Rd., Suite 1000, Houston, TX 77057

Phone Number: (800) 679 4600, ext. 700    Fax Number: N/A

E-Mail Address: blamarr@bivorylamarr.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>26 1555</u>

Short Caption: <u>Jose Acevedo v. Michael Mattioli, et al.</u>

 To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

 The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓]   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

<u>JOSE ACEVEDO, individually, and as a Special Administrator of the ESTATE OF JOEL ACEVEDO</u>

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

<u>The LaMarr Firm, PLLC: Jacob Litigation, Inc.: and Ben Crump Law, PLLC</u>

(3) If the party, amicus or intervenor is a corporation:

  i)  Identify all its parent corporations, if any; and

    N/A

  ii)  list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 N/A

---

Attorney's Signature: <u>/s/ Devon M. Jacob</u>   Date: <u>7/2/2026</u>

Attorney's Printed Name: <u>Devon M. Jacob</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: <u>P.O. Box 837, Mechanicsburg, PA 17055 0837</u>

Phone Number: <u>(717) 796 7733</u>   Fax Number: <u>N/A</u>

E-Mail Address: <u>djacob@jacoblitigation.com</u>

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>26 1555</u>

Short Caption: <u>Jose Acevedo v. Michael Mattioli, et al.</u>

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☑    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
   <u>JOSE ACEVEDO, individually, and as a Special Administrator of the ESTATE OF JOEL ACEVEDO</u>

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
   <u>The LaMarr Firm, PLLC: Jacob Litigation, Inc.: and Ben Crump Law, PLLC</u>

(3)   If the party, amicus or intervenor is a corporation:

   i)     Identify all its parent corporations, if any; and

       N/A

   ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

       N/A

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

Attorney's Signature: <u>/s/ Benjamin L. Crump</u>     Date: <u>7/2/2026</u>

Attorney's Printed Name: <u>Benjamin L. Crump</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐   No ☑

Address: <u>122 S. Calhoun Street, Tallahassee, FL 32301</u>

Phone Number: <u>(800) 959 1444</u>     Fax Number: <u>N/A</u>

E-Mail Address: <u>court@bencrump.com</u>

rev. 12/19 AK